United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LISA D. BROWN,

    Plaintiff,

v.

CONTRA COSTA SUPERIOR COURT, et al.,

    Defendants
                                   /

No. C-08-3806 MMC

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

       Before the Court is plaintiff's complaint and her application to proceed in forma pauperis, both filed August 8, 2008.

       Because plaintiff has shown she has insufficient assets to pay the filing fee, plaintiff's application to proceed in forma pauperis will be granted.

       Where a party proceeds in forma pauperis, the district court must dismiss the complaint if the court determines that the plaintiff has failed to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

       Here, plaintiff alleges that, as a result of "fraud," "misconduct," and "criminal negligence and reckless by [a] state court," she is entitled, under 42 U.S.C. § 1983, to an order from a federal district court vacating the "void orders" issued in two state court civil actions.  (See Compl. at 1; see also id. at 9 (describing instant action as "petition to vacate

1  void orders, quash writ and return property, and writ of habeas corpus").)  In one of the civil
2  actions, specifically, <u>Albright v. Brown</u>, D02-00148, plaintiff's then husband "file[d] for legal
3  separation," and the state court determined therein how the parties' property would be
4  divided.  (<u>See</u> <u>id.</u> at 37.)  In the second action, specifically, <u>Yunker v. Brown</u>, D04-00009,
5  the father of plaintiff's minor child sued for custody.  (<u>See</u> <u>id.</u> at 12.)
6        According to plaintiff, the state court treated plaintiff "in a demonstrably egregious
7  and hostile manner because [plaintiff is] a member of a particular class of citizens, family
8  law litigants, of which the trial court treated with second class justice," and, consequently,
9  she is entitled herein to "collaterally attack[ ] the correctness – 'the merits' – of [state trial
10 court] rulings."  (<u>See</u> <u>id.</u> at 1.)  Although the state cases have proceeded to final judgment,
11 plaintiff alleges an appeal would not provide her "an adequate remedy" because, <u>inter</u> <u>alia</u>,
12 "the state court was without authority."  (<u>See</u> <u>id.</u> at 18.)  Further, plaintiff alleges she is
13 entitled to recover damages because of injuries caused by the "unconscionable actions of a
14 'runaway court.'"  (<u>See</u> <u>id.</u> at 21.)
15       Plaintiff has named five defendants:  (1) the Contra Costa Superior Court, the trial
16 court in which the above-referenced matters were heard; (2) the California Supreme Court,
17 sued under a theory of "vicarious liability," (<u>see</u> <u>id.</u> at 1); (3) the Contra Costa County
18 Sheriff, who enforced a court order of eviction, (<u>see</u> <u>id.</u> at 12); (4) the Contra Costa County
19 "DCFS," which investigated a claim of "substance abuse" made against plaintiff by the
20 father of her child and which presented a report to the state court that subsequently
21 awarded custody of the child to the father, (<u>see</u> <u>id.</u> at 14, 112), and (5) Mary Courtenay,
22 who represented plaintiff during some or all of the subject civil proceedings, and who
23 allegedly provided plaintiff with "ineffective assistance of counsel," (<u>see</u> <u>id.</u> at 18), and acted
24 with an "inherent conflict of interest," (<u>see</u> <u>id.</u> at 58).
25       A federal district court lacks jurisdiction to review final determinations of state courts,
26 as well as claims "inextricably intertwined" with state court judgments.  <u>See</u> <u>District of</u>
27 <u>Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486-87, 483 n.16 (1983); <u>Rooker v.</u>
28 <u>Fidelity Trust Co.</u>, 263 U.S. 413 (1923).  "Where the district court must hold that the state

1  court was wrong in order to find in favor of the plaintiff, the issues presented to both courts
2  are inextricably intertwined." Doe & Associates Law Offices v. Napolitano, 252 F. 3d 1026,
3  1030 (9th Cir. 2001).
4        As noted, plaintiff's claims are based on a theory that the trial court made incorrect
5  rulings in civil cases.  This Court lacks jurisdiction to review those rulings, and, further,
6  lacks jurisdiction to consider plaintiff's claims for damages because, in so doing, the Court
7  necessarily would have to determine whether the state court rulings were correct.  See,
8  e.g., Hanson v. Firmat, 272 Fed. Appx. 571, 572 (9th Cir. 2008) (affirming dismissal of
9  claims alleging "due process violations in connection with child custody proceedings,"
10 because claims were "'inextricably intertwined' with [ ] prior state court judgments");
11 Samuel v. Michaud, 980 F. Supp. 1381, 1389, 1394-95, 1413-14 (D. Idaho 1996) (holding
12 claims for injunctive, equitable, and declaratory relief, as well as for compensatory
13 damages, each based on plaintiff's "disagreement with procedures and decisions rendered
14 in Idaho state court," were "not permissible in federal district court"), aff'd, 129 F. 3d 127
15 (9th Cir. 1997).
16       Moreover, each of plaintiff's claims against the Contra Costa Superior Court and the
17 California Supreme Court is subject to dismissal for the additional reason that such entities
18 are immune from suit in a federal district court, pursuant to the Eleventh Amendment.  See
19 Simmons v. Sacramento County Superior Court, 318 F. 3d 1156, 1161 (9th Cir. 2003)
20 (holding state courts immune from suit in district court).  Further, plaintiff's claim for
21 damages against her former counsel is subject to dismissal, because such claim does not
22 arise under federal law, see Franklin v. Oregon, 662 F. 2d 1337, 1344 (9th Cir. 1981), and
23 the Court declines to exercise supplemental jurisdiction herein in light of the dismissal of
24 plaintiff's federal claims.  See 28 U.S.C. § 1367(c)(3).
25       Finally, because "the whole subject of the domestic relations of husband and wife,
26 parent and child, belongs to the laws of the States, and not to the laws of the United
27 States," district courts "must decline jurisdiction of cases concerning domestic relations
28 when the primary issue concerns the status of parent and child or husband and wife."  See

1  Thompson v. Thompson, 798 F. 2d 1547, 1558 (9th Cir. 1986) (internal quotation and
2  citation omitted).  Here, the primary issues presented are whether the state court, in one
3  case, erred in its determinations concerning the division of marital property and, in a
4  second case, erred in its determinations concerning which parent is the proper custodian of
5  a minor child.  Accordingly, even if the Court could exercise jurisdiction over any of
6  plaintiff's claims, the Court would decline to do so.  See id.
7      Accordingly, the instant complaint will be dismissed.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's application to proceed in forma pauperis is hereby GRANTED; and
2. Plaintiff's complaint is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated:  August 22, 2008

_____
MAXINE M. CHESNEY
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LISA D. BROWN,

        Plaintiff,

  v.

CONTRA COSTA SUPERIOR COURT et al,

        Defendant.
                                          /

Case Number: CV08-03806 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lisa D. Brown
57 Ramona Road
Danville, CA 94526

Dated: August 22, 2008

                                    Richard W. Wieking, Clerk
                                    By: Frank Justiliano, Deputy Clerk